UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUISA FLOYSTAD,

    Plaintiff,

v.   Case No. 8:22-cv-236-CPT

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

The Plaintiff seeks judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits (DIB). For the reasons discussed below, the Commissioner's decision is reversed, and the case is remanded.

I.

The Plaintiff was born in 1966, has a high school education, and has past relevant work experience as a parking lot attendant. (R. 17, 75, 251). In June 2020, the Plaintiff applied for DIB, alleging disability as of June 2020 due to fibromyalgia, allergies, depression, osteoporosis, chronic pain, kidney failure, a bulging disc, and post-traumatic stress disorder. (R. 75–76). The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration. (R. 85, 107).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in August 2021. (R. 23, 139–40). The Plaintiff was represented by counsel at that proceeding and testified on her own behalf. (R. 23, 26–36). A vocational expert (VE) also testified. (R. 36–39).

In a decision issued in September 2021, the ALJ determined that the Plaintiff (1) had not engaged in any substantial gainful activity during the period between her alleged onset date in June 2020 and her date last insured in December 2020; (2) had the severe impairments of obesity, lumbar degenerative disc disease, osteoarthritis in her knee, and rheumatoid arthritis in her hands; (3) did not, however, have an impairment or combination of impairments that met or medically equaled any of the listings;[1] (4) had the residual functional capacity (RFC) to perform light work subject to various postural, manipulative, and environmental limitations; and (5) based on the VE's testimony, could engage in her past relevant work. (R. 10–18). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 18).

The Appeals Council denied the Plaintiff's request for review. (R. 1–6). Accordingly, the ALJ's decision became the final decision of the Commissioner. *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1313 (11th Cir. 2021) (citation omitted).

---

[1] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA considers significant enough to prevent a person from performing any gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). When a claimant's affliction matches an impairment on the list, the claimant is automatically entitled to disability benefits. *Id.*; *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).[2]  A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

To determine whether a claimant is disabled, the Social Security Regulations prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[3] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a medically determinable impairment that is severe; (3) has a severe medically determinable impairment that meets or equals one of the listings; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4)). Although the claimant has the burden of proof through step four,

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.
[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove she cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the claimant's disability application after a hearing. 42 U.S.C. § 405(g). Judicial review is confined to determining whether the Commissioner applied the correct legal standards and whether the decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin.*, *Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks and citations omitted). In evaluating whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, reweigh the evidence, or make credibility determinations. *Viverette*, 13 F.4th at 1314 (citation

omitted); *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)).  While a court will defer to the Commissioner's factual findings, it will not defer to her legal conclusions.  *Viverette*, 13 F.4th at 1313–14 (citation omitted); *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

III.

The Plaintiff raises four challenges on appeal: (1) the ALJ erred in his assessment of the Plaintiff's fibromyalgia; (2) the ALJ erred in evaluating the Plaintiff's chronic fatigue syndrome; (3) the ALJ erred in formulating the Plaintiff's RFC; and (4) the ALJ erred by not resolving an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles (DOT).[4]  (Docs. 16, 22).  After careful review of the parties' submissions and the record, the Court finds that the Plaintiff's first challenge is well-founded and alone warrants remand.

A.

Before examining the merits of the Plaintiff's first challenge, it is helpful to discuss some of the pertinent legal principles.  As noted above, the ALJ's task at step two is to gauge whether a claimant has a medically determinable impairment or combination of such impairments that is severe.  *McCormick v. Soc. Sec. Admin., Comm'r*, 619 F. App'x 855, 857 (11th Cir. 2015) (per curiam) (citing *McDaniel v. Bowen*, 800

---

[4] The DOT is "an extensive compendium of data about the various jobs that exist in the United States economy, and includes information about the nature of each type of job and what skills or abilities they require." *Washington*, 906 F.3d at 1357 n.2.

5

F.2d 1026, 1031 (11th Cir. 1986)); *see also* 20 C.F.R. § 404.1520(a)(4)(ii). A medically determinable impairment is deemed to be non-severe "only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of [her] age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). The bar for showing a severe medically determinable impairment is thus a low one, *McCormick*, 619 F. App'x at 857 (citation omitted), and the finding of any severe medically determinable impairment is enough to satisfy the step two inquiry, *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 891 (11th Cir. 2013) (per curiam) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

The ALJ's task at step four is—as also noted above—to determine a claimant's RFC and her ability to perform her past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545. To do so, an ALJ must decide given all of the relevant evidence before him what a claimant can do in a work setting despite any physical or mental restrictions caused by her medically determinable impairments and related symptoms. *Id.* § 404.1545(a)(1). In making this assessment, the ALJ must review the medical opinions of record, as well as all the claimant's medically determinable impairments and the total limiting effects of each. *Id.* §§ 404.1520(e), 404.1545(a)(3); *Jamison*, 814 F.2d at 588.

The evaluation of a claimant's subjective complaints of pain and other symptoms is governed by the Eleventh Circuit's "pain standard." *Dyer v. Barnhart*, 395

F.3d 1206, 1210 (11th Cir. 2005) (per curiam).  Under this standard, a claimant must show "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from the condition or (3) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain." *Id.* (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam)).

If a claimant meets the pain standard, the ALJ must then assess the intensity and persistence of the claimant's symptoms to determine how they restrict her capacity to work.  20 C.F.R. § 404.1529(c)(3).  The considerations relevant to this analysis include: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate her pain or other symptoms; (5) treatment (other than medication) the claimant receives or has received for relief of her pain or other symptoms; (6) any measures the claimant uses or has used to relieve her pain or other symptoms; and (7) other factors concerning the claimant's functional limitations due to pain or other symptoms.  *Id.*

After evaluating "a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed [on appeal] for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam) (citing *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984) (per curiam)).  The ALJ, however, "need not cite particular phrases or formulations" in performing this assessment, so

long as the reviewing court can be satisfied that the ALJ "considered [the claimant's] medical condition as a whole." *Chatham v. Comm'r of Soc. Sec.*, 764 F. App'x 864, 868 (11th Cir. 2019) (per curiam) (internal quotation marks and citation omitted); *see also Stowe v. Soc. Sec. Admin., Comm'r*, 2021 WL 2912477, at *4 (11th Cir. July 12, 2021) (per curiam) (explaining that if an ALJ does not identify specific and adequate reasons for rejecting a claimant's pain testimony, "the record must be obvious as to the [ALJ's] credibility finding") (citing *Foote v. Chater*, 67 F.3d 1553, 1561–62 (11th Cir. 1995) (per curiam)). A reviewing court will not disturb a clearly articulated credibility finding made by an ALJ that is buttressed by substantial evidence. *Foote*, 67 F.3d at 1562 (citation omitted).

B.

In this case, as discussed earlier, the ALJ found at step two that the Plaintiff had a number of medically determinable impairments. (R. 12–14). Fibromyalgia, however, was not one of them. *Id*. In fact, the ALJ did not reference the Plaintiff's fibromyalgia at all at step two.

At step four, the ALJ did mention the Plaintiff's self reports concerning her fibromyalgia, and the ALJ made clear as well that he understood the Plaintiff had been diagnosed with this condition. (R. 15–17). The ALJ also acknowledged his duties under the Eleventh Circuit's pain standard. (R. 15).

The ALJ ultimately determined, however, that while the Plaintiff's impairments "could reasonably be expected to cause [her] alleged symptoms," the Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [those]

8

symptoms [were] not entirely consistent with the *objective* evidence." (R. 16) (emphasis added). To buttress this determination, as well as his RFC finding, the ALJ proceeded to state, in pertinent part:

> The record evidence demonstrates that the [Plaintiff] has a history of back pain and multiple joint pains due to degenerative disc disease, fibromyalgia[,] and arthritis. She reported generalized pain and fatigue during the period on review, and on exam she had limited range of motion in several joints with pain and imaging showed mild degenerative disc disease and arthritis. She tried multiple pain relievers without success due to adverse side effects including allergic reactions. She also had difficulty getting treatment through pain management due to financial obstacles. However, she was able to obtain injections for her hands and hips that provided some relief. She also took over the counter medication pain relievers, but continued to report pain. The [RFC] of light work with postural, manipulative, and environmental limitations accounts for the claimant's pain and fatigue related to her degenerative disc disease, arthritis, and fibromyalgia.

*Id.*

Citing the applicable agency ruling, Social Security Ruling (SSR) 12-2p, the Plaintiff now argues that (1) the ALJ erred in not deeming her fibromyalgia to be a medically determinable impairment at step two; and (2) the ALJ also erred at step four by incorrectly discounting her subjective complaints caused by "her fibromyalgia and co-occurring conditions, without properly considering evidence supportive of and consistent with" those complaints. (Doc. 16). By way of example, the Plaintiff points out that, at step four, the ALJ relied "almost solely on objective medical findings" (including imaging done of the Plaintiff) in rejecting the opinion of a consultative examiner, Dr. Thomas Beaman, that the Plaintiff required a cane for ambulation. *Id.*

9

In light of this determination, the ALJ did not include the Plaintiff's need for a cane in his RFC determination and concluded the Plaintiff could perform "light work with postural, manipulative, and environmental limitations [that] account[ed] for [the] pain and fatigue related to her degenerative disc disease, arthritis, and fibromyalgia." *Id.* The Plaintiff's criticisms of the ALJ's analysis of her fibromyalgia have merit.

SSR 12-2p defines fibromyalgia as "a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissue that has persisted for at least [three] months." 2012 WL 3104869, *2 (July 25, 2012). As the Eleventh Circuit has recognized, fibromyalgia is a difficult impairment to assess because it is often unaccompanied by any "'medical or laboratory signs and is generally diagnosed mostly on a[n] individual's described symptoms.'" *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017) (per curiam) (quoting *Moore*, 405 F.3d at 1211); *see also Reliford v. Barnhart*, 444 F. Supp. 2d. 1182, 1186–87 (N.D. Ala. 2006) ("[Fibromyalgia is] a common, but elusive and mysterious, disease[.] Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia.") (internal quotation marks and citation omitted).

The Eleventh Circuit highlighted this problem in *Somogy v. Commissioner of Social Security*, observing that the "hallmark" of fibromyalgia is "a lack of objective evidence." 366 F. App'x 56, 63 (11th Cir. 2010) (per curiam) (quoting *Moore*, 405 F.3d at 1211). One of the decisions the *Somogy* court cited to buttress this observation was *Green-Younger v. Barnhart*, in which the Second Circuit noted that because of the

10

subjective nature of fibromyalgia, "physical examinations will usually yield normal results—a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions." *Green-Younger v. Barnhart*, 335 F.3d 99, 108–09 (2d Cir. 2003) (quotation omitted). The Eleventh Circuit in *Somogy* went on to find that "[g]iven the nature of fibromyalgia, a claimant's subjective complaints of pain are often the only means of determining the severity of [the claimant's] condition and the functional limitations caused thereby." 366 F. App'x at 64 (citing *Green-Younger*, 335 F.3d at 107).

Courts within this Circuit have taken heed of the Eleventh Circuit's teachings in *Somogy*, acknowledging that there is typically a paucity of objective evidence in cases involving fibromyalgia. *See, e.g.*, *Smith v. Astrue*, 2012 WL 2912658, at *5 n.3 (M.D. Fla. June 25, 2012) (stating that joint and muscle examinations of an individual with fibromyalgia generally produce normal findings) (citing HARRISON'S PRINCIPLES OF INTERNAL MEDICINE 1706–07 (Kurt J. Isselbacher et al., eds., 13th ed. 1994)), *report and recommendation adopted*, 2012 WL 2912657 (M.D. Fla. July 16, 2012). Indeed, at least one other court in this District has found that an "undue emphasis on the lack of objective findings to substantiate a claimant's fibromyalgia-related reports constitutes error under well-established case law of this Circuit." *Francis v. Saul*, 2020 WL 1227589, at *4 (M.D. Fla. Mar. 13, 2020) (citing *Witherell v. Berryhill*, 2019 WL 1397927, at *4 (M.D. Fla. Mar. 28, 2019)).

In light of the challenges posed in evaluating disability claims involving fibromyalgia, SSR 12-2p sets forth guidance on how an ALJ should consider this

11

condition in carrying out the five-step sequential evaluation process. 2012 WL 3104869, at *1, 5–6. At step two, for example, SSR 12-2p provides two sets of criteria for an ALJ to apply in deciding whether a claimant's fibromyalgia can be found to be a medically determinable impairment. *Id*. at *2–3. The first set of criteria requires that a claimant demonstrate: (1) "[a] history of widespread pain;" (2) "[a]t least [eleven] positive tender points on physical examination;" and (3) "[e]vidence that other disorders [which] could cause the symptoms or signs were excluded." *Id*. The second set of criteria mandates that a claimant show: (1) "[a] history of widespread pain;" (2) "repeated manifestations of six or more fibromyalgia symptoms or co-occurring conditions;" and (3) "[e]vidence that other disorders [which] could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded." *Id*. at *3.

  SSR 12-2p also offers instructions as to how an ALJ should approach a claim of fibromyalgia at step four. It states, among other things, that—as in all disability cases—an ALJ should "base [his] RFC assessment on all [the] relevant evidence" of record and should take into account "the effects of all of the [claimant's] medically determinable impairments, including impairments that are 'not severe.'" *Id.* at *6. Pertinent to the issues before the Court, SSR 12-2p further provides that an ALJ should "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a [claimant] may have 'bad days and good days.'" *Id.*

12

And finally, SSR 12-2p has been interpreted to obligate an ALJ at step four to utilize the same pain standard as the one described above. *Laurey v. Comm'r of Soc. Sec.*, 632 F. App'x 978, 987–88 (11th Cir. 2015) (per curiam) (observing that the ALJ is to employ the same pain standard "to evaluate a claimant's fibromyalgia" as he would in assessing a claimant's pain or other subjective symptoms) (citing SSR 12-2p, 2012 WL 3104869).

Applying these principles here, the ALJ's consideration of the Plaintiff's fibromyalgia is deficient. As discussed above, the ALJ did not mention this condition at all at step two, much less apply the criteria set forth in SSR 12-2p. This oversight can have important ramifications in an ALJ's application of the five-step sequential evaluation process because a failure to deem a claimant's fibromyalgia to be a medically determinable impairment at step two could prevent an ALJ from properly taking that condition into account at the later stages of the process. *See* SSR 12-2p, 2012 WL 3104869, at *5 ("Once we establish that a person has [a medically determinable impairment] of [fibromyalgia], we will consider it in the sequential evaluation process to determine whether the person is disabled.").[5]

---

[5] The Court recognizes that in the context of assessing whether the Plaintiff met any of the listings at step three, the ALJ stated "[t]he criteria of [SSR] 12-2p [have] also been contemplated in review of the evidence as a whole." (R. 14). The problem with this reference to SSR 12-2p is that it seems the ALJ intended it to apply solely to his step three inquiry. Even were that not the case, the Court cannot discern from this singular remark that the ALJ properly utilized the framework of SSR 12-2p in considering the entirety of the Plaintiff's condition, including her reported symptoms caused by her fibromyalgia.

For purposes of its analysis here, however, the Court will assume that this step-two error was harmless since the ALJ apparently gave at least some credence to the Plaintiff's fibromyalgia at the subsequent stages in the process (R. 15–16) and because he determined that the Plaintiff suffered from at least one severe impairment at step two in any event, *Packer*, 542 F. App'x at 891. Even affording the ALJ the benefit of this assumption, his assessment of the Plaintiff's fibromyalgia is still flawed because of the manner in which he addressed that issue at step four. As is evident from the above excerpt from the ALJ's decision, the ALJ essentially lumped the Plaintiff's fibromyalgia together with her degenerative disc disease and arthritis and found that they collectively did not cohere with the objective record evidence. (R. 16). And because the ALJ elected to proceed in this fashion, the Court cannot ascertain that he gave appropriate consideration as to whether the Plaintiff's fibromyalgia, by virtue of its unique nature, could have caused her symptoms where the objective evidence came up short. *Id*. As another court aptly explained when presented with an analogous circumstance:

> [W]hile [the claimant] alleged disability due to various impairments, the ALJ failed to expressly treat fibromyalgia any differently, as directed by SSR 12-2p. One cannot discern from the ALJ's broad rejection of [the claimant]'s statements what exactly the ALJ found to be unsupported or inconsistent. . . . So, the court must assume the ALJ specifically found [the claimant]'s statements about her fibromyalgia symptoms inconsistent with the objective evidence. Yet, the ALJ does not account for "SSR 12-2p's recognition that physical examinations will usually yield normal results" [and that "a]ny inconsistencies [will be] less remarkable when viewed in light of the longitudinal record and when

14

> considering the fact that the symptoms of fibromyalgia can wax and wane so that a person may have "good days and bad days."

*Vazquez v. Comm'r of Soc. Sec.*, 2022 WL 909754, at *7 (M.D. Fla. Mar. 29, 2022) (internal citations omitted).[6] The court's analysis in *Vazquez* applies equally here.

In sum, the Court cannot meaningfully review the ALJ's evaluation of the Plaintiff's reported fibromyalgia in carrying out its function of determining whether the ALJ's disability determination is supported by substantial evidence. *See Atkins v. Comm'r of Soc. Sec.*, 2019 WL 6838512, at *3–5 (M.D. Fla. Dec. 16, 2019) (concluding that because the ALJ failed to consider the claimant's fibromyalgia according to the criteria set forth in SSR 12-2p, the court could not assess whether the ALJ's disability determination was buttressed by substantial evidence). As a result, reversal and remand is required. *See Sanchez v. Comm'r of Soc. Sec.*, 2022 WL 15524447, at *5–7 (M.D. Fla. Mar. 4, 2022) (remanding the case because the court could not conduct a meaningful review of the ALJ's decision where "the ALJ did not discuss whether [the claimant's] fibromyalgia was a medically determinable impairment and did not include fibromyalgia among the severe impairments identified at step two of the sequential analysis[,]" did not "engage in any discussion of the SSR 12-2p criteria[,]" and appeared to discount the claimant's "subjective complaints in large part due to the lack of objective medical evidence"); *Francis*, 2020 WL 1227589, at *4 (remanding the

---

[6] *See also Francis*, 2020 WL 1227589, at *3 (finding that the ALJ's considerations of the objective evidence did "not comport with the fact that physical examinations for person's with fibromyalgia will usually yield normal results," and that it is in fact "common in cases involving fibromyalgia to find evidence of such examinations and testing in order to rule out other disorders that could account for the person's symptoms and signs") (citation omitted).

15

case where the ALJ "relied primarily—if not exclusively—on the objective medical evidence" and "did not adequately consider (or even refer to) SSR 12-2p's framework . . . when discounting [the claimant's] statements regarding intensity, persistence, and limiting effects of her symptoms" from fibromyalgia); *Catalan v. Berryhill*, 2018 WL 4055340, at *3–4 (M.D. Fla. Aug. 9, 2018) (deeming remand necessary where the ALJ failed to reference or apply SSR 12-2p's framework in analyzing the claimant's fibromyalgia), *report and recommendation adopted*, 2018 WL 4052276 (M.D. Fla. Aug. 24, 2018); *Janeda v. Comm'r of Soc. Sec.*, 2018 WL 1282313, at *6 (M.D. Fla. Mar. 13, 2018) (finding remand appropriate where the ALJ failed to consider the claimant's fibromyalgia pursuant to SSR 12-2p and therefore may have erred in evaluating her fibromyalgia) (citation omitted); *Morgan v. Comm'r of Soc. Sec.*, 2015 WL 1311062, at *7 (M.D. Fla. Mar. 24, 2015) (remanding the case where the ALJ failed to mention or follow SSR 12-2p's criteria concerning fibromyalgia).

In light of the above findings, the Court need not resolve the Plaintiff's other challenges. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. Sept. 4, 2015) (finding there was no need to analyze any additional issues because the case was reversed due to other dispositive errors); *Demenech v. Sec'y of Dep't of Health & Hum. Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (declining to address the claimant's remaining arguments due to the conclusions reached in remanding the action); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (stating that where remand is required, it may be unnecessary to review other claims raised) (citations omitted). On remand, however, the ALJ must consider all of the record

evidence in accordance with the governing case law and the applicable regulatory provisions in evaluating the Plaintiff's impairments. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (stating that the ALJ must reassess the entire record on remand).

IV.

Based upon the foregoing, it is hereby ORDERED:

1. The Commissioner's decision is reversed, and the case is remanded for further proceedings before the Commissioner consistent with this Order.

2. The Clerk of Court is directed to enter Judgment in the Plaintiff's favor and to close the case.

SO ORDERED in Tampa, Florida, this 30th day of March 2023.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record